UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-5004-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erred in discounting the opinions of examining psychologist Kimberly Wheeler, Ph.D., and his testimony.[1] Dkt. 12 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case with for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 45 years old, has a GED and some college coursework, and has worked as a temporary construction laborer; restaurant server, training manager, and supervisor; taxi driver; motor club customer service representative/dispatcher; and tow-truck driver. Tr. 139,

---

[1] Plaintiff also contends these errors led to other errors in the ALJ's decision, but that impact need not be addressed separately. Dkt. 12 at 1, 8.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 1

482, 506. In June 2015, he applied for benefits, alleging disability as of July 1, 2013. Tr. 426-32, 443-48. His applications were denied initially and on reconsideration. Tr. 281-88, 291-95. The ALJ held a hearing on October 31, 2017, Tr. 131-94, and subsequently issued a decision finding Plaintiff not disabled. Tr. 19-38. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff's bipolar disorder, posttraumatic stress disorder, obsessive compulsive disorder, and generalized anxiety disorder are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:** Plaintiff can perform a full range of work at all exertional levels, with the following limitations: he can understand, remember, and apply short, simple instructions and perform routine, predictable tasks, in a workplace that is not a fast-paced production-type environment. He can make simple decisions in work that involves exposure to few workplace changes. He cannot interact with the general public and can have no more than occasional interaction with co-workers and supervisors.

**Step four:** Plaintiff cannot perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 19-38.

//

//

//

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 2

## DISCUSSION

**A. Dr. Wheeler's opinion**

Plaintiff contends the ALJ erred in rejecting some of the limitations assessed by Dr. Wheeler on March 11, 2017.[4] Dkt. 12 at 4-5 (citing Tr. 986-90). Dr. Wheeler opined Plaintiff was mildly and moderately limited in his ability to perform work activities in several categories. Tr. 988. The doctor also opined plaintiff was markedly limited in his ability to understand, remember, and persist by following detailed instructions; perform activities within a schedule and maintain regular attendance without special supervision; and adapt to changes; and complete a normal work day. *Id.*

The ALJ found the RFC determination which limits Plaintiff to short, simple, predictable, routine instructions and tasks, simple decisions, few work place changes, and no interaction with the public and no more than occasional contact with co-workers and supervisors, accommodates Dr. Wheeler's opinion that Plaintiff is limited in his ability to adapt to changes in routine work, and his social interaction issues. Tr. 33-34. Plaintiff presents little showing this is not the case and has thus failed to meet his burden to establish the ALJ harmfully erred.

The ALJ also rejected Dr. Wheeler's 2017 opinion that Plaintiff was markedly limited in his ability to perform work within a schedule, maintain attendance, and be punctual without special supervision. Tr. 34. The ALJ found the opinions were contradicted by how "the claimant regularly presented to his appointments," with his mental health counselors, did not report this limitation when he worked for Labor Ready, and worked closely with his father "which is significantly greater supervision than called for in the RFC." Tr. 34. However, the fact Plaintiff

---

[4] Plaintiff does not allege the ALJ erred in rejecting the opinions contained in Dr. Wheeler's 2014 evaluation and the Court therefore will not disturb the ALJ's treatment of that evaluation.

went to medical appointments does not show he can perform work within a schedule, maintain attendance work attendance, and be punctual without special supervision. *See e.g. Blake v. Berryhill,* 2019 WL 289098 at * 5 (D. Or. Jan. 4, 2019) (Plaintiff's ability to attend monthly appointments with his treating mental health provider does not contradict struggle with work attendance); *Kyla J.S. v. Berryhill*, 2018 WL 5307358 at * 2 (W.D. Wash. Oct. 26, 2018). (ALJ failed to explain how Plaintiff's ability to attend medical appointments correlates to whether she could work in a job that allows no more than one missed day per month).

Additionally, the fact Plaintiff could work with his father with "significantly greater supervision than called for in the RFC" highlights how the RFC fails to account for the limitation. The ALJ's conclusion that Plaintiff does not have this limitation because he did not report it when he worked for Labor Ready is a conclusory statement not supported by any evidence. The record also cuts against the ALJ's conclusion. When Plaintiff testified before the ALJ about his last job with Labor Ready he stated he did not go back to work because he "wasn't reliable." Tr. 93. The Court thus finds the ALJ rationale for rejecting Dr. Wheeler's opinion that Plaintiff is markedly limited in his ability to perform work within a schedule, maintain attendance, and be punctual without special supervision is not supported by substantial evidence.

In sum, the Court concludes the ALJ erred in rejecting Dr. Wheeler's opinion that he is markedly limited in his ability to perform work within a schedule, maintain attendance, and be punctual without special supervision. Plaintiff's briefing broadly asserts the ALJ's rationale is insufficient and posits the record shows he meets the requirements Listing 12.06. Dkt. 12 at 5. The Court declines to arrive at the same conclusion. The ALJ did not err in many respects and the sole error identified above calls for reassessment by the ALJ, not an order directing payment of benefits.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 4

**B.      Plaintiff's Testimony**

The ALJ accepted some of limitations alleged by Plaintiff. The ALJ found plaintiff "convincingly reports problems with focus and concentration," and "anxiety, especially in social situations." Tr. 30. However, the ALJ discounted other limitations Plaintiff reported noting that (1) Plaintiff has been able to work and function around other people since the alleged onset date; (2) Plaintiff's report of anger outbursts is limited to interactions with his father, but the record does not demonstrate those outbursts in other contexts; and (3) he demonstrated intact attention and concentration to his treating providers. Tr. 30-32. The ALJ concluded "that the treatment record does not establish the degree of limitation alleged." Tr. 30.

Plaintiff contends the ALJ erred because ARNP Vigil noted Plaintiff has anxiety, obsession, hallucinations distractibility and fatigue. Dkt. 16 at 5. But while Mr. Vigil noted these symptoms, he did not render an opinion as to whether they limited Plaintiff in a way not accounted for by the ALJ. *See* Tr. 865. Further, Daniel Shelter, MS, LMHC, MHP, who treated Plaintiff submitted a letter and medical opinion form. Mr. Shelter indicated that he has not observed Plaintiff in a work setting and therefore does not feel qualified to complete answers to the form. The only opinion he set forth is that Plaintiff "continues to struggle in public settings and reports difficulty focusing on tasks." Tr. 783. Given the medical record, the Court cannot say the ALJ unreasonably found Plaintiff's testimony about the severity of his mental limitations are at odds with the record.

The ALJ also discounted Plaintiff's testimony as inconsistent with his activities. The ALJ noted in May 2014, Plaintiff reported going to the library daily to do school work and perform internet searches for employment. Tr. 31. In April 2015, Plaintiff reported living with his step-grandmother "and assisted with her care." *Id.* He also reported work with Labor Ready and

continued college course-work. In July 2015, Plaintiff's father reported Plaintiff got out daily and traveled places by walking and was able to go to stores to buy food. In 2017, Plaintiff reported working butchering chickens, mowing lawns and helping his father with hauling loads of refuse to the dump. The ALJ reasoned these activities undercut Plaintiff's claims that he could perform no gainful work due to his mental limitations. Plaintiff contends in his reply that the ALJ erred because he had difficulties performing the activities above, and that the difficulty with which he had in engaging in these activities therefore supports his testimony. Dkt. 16 at 6. This is alternative interpretation of the record, which the Court cannot accept because the Court cannot say that the ALJ's assessment is unreasonable. The Court accordingly affirms the ALJ's determination to discount Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reassess Dr. Wheeler's opinions, develop the record and redetermine plaintiff's RFC as necessary and proceed to the remaining steps as appropriate.

DATED this 8th day of July, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge